## HARDING VS. TIBBILS and others.

A tax deed conveys as good a title as any other conveyance, if the statute under which it was executed was in all respects complied with.

Where tax deeds are admitted in evidence against the objection of a party, but the deeds themselves are not set out in a bill of exceptions, this court will presume that they were good in form and substance.

ERROR to the Circuit Court for *Ozaukee* County.

*H. Cunning*, for plaintiff in error.

*A. M. Blair*, for defendant in error.

May 15.

*By the Court*, COLE, J. This was an action of trespass for entering the close of the plaintiff in error, and taking and carrying away twenty cords of wood. The defendants in error, in their answer, set up and claim that the *locus in quo* was the close and freehold of one Benjamin Blake, and that at his request and as his servants, they entered thereon and did all the acts complained of. The bill of exceptions is quite meager, and the printed case much more so. Indeed it is impossible, from the latter, to obtain any idea of the case. And perhaps it is proper to state that this printed case does not in any degree comply with the requirements of Rule 8 of this court, and to admonish counsel that their cases will be dismissed unless the rule is more fully complied with. On referring to the bill of exceptions in the judgment roll, we find that after the plaintiff in error had gone through with his evidence and rested, Blake was called as a witness for the defendants. He testified that he was in possession of the land, under certain tax deeds, at the time of

the alleged trespass, and that the defendants were his ser- January Term, 1862. vants and removed the wood at his direction. The tax deeds were likewise offered in evidence. It appears that the VILAS deeds were objected to on various grounds, but as the deeds MIL. & MISS. R. R. Co. et al. are not set out in the bill of exceptions, we are unable to say whether the objections to them were well taken or not. The circuit court instructed the jury, among other things, that a tax deed conveyed to the grantee therein named as good a title as any other conveyance, provided the statute under which it was given had been in all respects complied with. As a proposition of law this instruction is indubitably correct. The tax deeds not being before us for our inspection, we must presume they were good in form and substance and authorized the instruction above referred to.

As this disposes of the case, it is not necessary to allude to the other questions discussed by counsel.

The judgment of the circuit court is affirmed.